"In 1972 plaintiff was awarded a contract with the Department of Defense to manufacture 300,000 small arms ammunition cases at a rate (after delivery of 3,200 first article samples) of 50,000 per month for six months. After starting production, plaintiff wrote the contracting officer that it had made an error in its bid and would not be able to continue with production unless it received a price increase. After receiving a ten-day "cure notice” from the defendant, plaintiff advised the Government that it could not financially complete the contract. The contracting officer thereupon terminated the contract for default, reprocured the contract items, and found plaintiff to be liable for the excess cost of repurchase. Plaintiff appealed this excess-cost assessment to the Armed Services Board of Contract Appeals, seeking to be relieved of the assessment *808 because of the mistake it said it had made in its bid. The case was presented to the Board on documents and depositions of certain witnesses. The ASBCA never reached the merits of plaintiffs appeal because it decided, by a 7 to 5 vote of the Board’s Senior Deciding Group, that the Board did not have jurisdiction to determine the appeal because plaintiffs position rested squarely on a claimed mistake in its bid. The majority considered that the ASBCA has no jurisdiction to determine issues relating to a bid mistake even when they arise with respect to an appeal from an excess procurement assessment under the Default Termination article; the dissenters thought that, at least in that situation, the Board had jurisdiction.
"Plaintiff then timely filed suit in this court, and both parties have moved for summary judgment. The threshold issue discussed by the parties in their briefs is whether the Board was correct in holding that it had no jurisdiction of the appeal. However, we can and do accept for the purposes of this case the view of the majority of the Senior Deciding Group of the ASBCA, without ourselves delving into the question. Under the rule of Nager Electric Co. v. United States, 184 Ct. Cl. 390, 396 F.2d 977 (1968), the Government, which asked the Board to dismiss for lack of jurisdiction, cannot (and does not wish to) take any other position in this court. At the oral argument plaintiffs counsel declared that he would not press the point that the Board had jurisdiction or ask that we should remand the case to the Board for disposition on the merits. It is common ground that, if the Board was without jurisdiction, then the case is fully in this court as a suit, not 'under the contract,’ but for a money recovery based on reformation or rescission of the contract. Since both parties are now agreed that the case is thus to be treated as if it had been commenced in this court as an action for relief from an alleged mistaken bid, we take that course without passing upon the correctness of the Board’s ruling on its own jurisdiction.[1]
*809 "Both parties have devoted large portions of their written and oral presentations on the respective motions for summary judgment to arguing the merits of plaintiffs right to relief for mistake (on the basis of the administrative record compiled within the Defense Department). After considering those arguments, however, the court has concluded that it is not ready to dispose of the case at the present stage and that it needs and desires further ventilation of the merits of the case in the Trial Division. Accordingly, the case is remanded to the Trial Division for initial determination of the merits of plaintiffs claim and of defendant’s counterclaim. The Trial Judge shall utilize the administrative record compiled before the ASBCA, and he shall also allow the parties to present additional evidence if they so request, to the extent necessary or appropriate.
"it is so ordered.”

 It is settled that the parties can waive use of the "disputes” administrative mechanism and opt for a judicial trial. Nager Electric Co., Inc. v. United States, supra, 184 Ct. Cl. at 401, 396 F.2d at 982-83.